John E. Becker (JB 1093)
Schiff Hardin LLP
900 Third Avenue
New York, NY 10022
(212) 753-0823  Telephone
(212) 753-5044  Facsimile

Jonathan Friedland (JF 3828)
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60606
(312) 258-5500  Telephone
(312) 258-5600  Facsimile

*Attorneys for Defendants*
*Anthony Bevacqua and Rodney Dangerfield, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                     :

JOAN CHILD DANGERFIELD        :
                     :
              Plaintiff,    :     07 Civ. 7810 (NRB/AJP)
        -against-       :
                     :     **ANSWER AND AFFIRMATIVE**
ANTHONY BEVACQUA and     :     **DEFENSES OF DEFENDANTS**
RODNEY DANGERFIELD, INC.,  :     **ANTHONY BEVACQUA AND**
                     :     **RODNEY DANGERFIELD, INC.**
           Defendant.  :
------------------------------------------------------------x

      Defendants Anthony Bevacqua ("Mr. Bevacqua") and Rodney Dangerfield, Inc. ("RDI"),

by their undersigned attorneys, answer the Complaint of Joan Child Dangerfield ("Plaintiff") and

assert their Answer as follows:

         1.     Mr. Bevacqua and RDI deny the allegations in Paragraph 1 of the Complaint.

         2.     Mr. Bevacqua and RDI deny the allegations in Paragraph 2 of the Complaint.

         3.     Mr. Bevacqua and RDI deny the allegations in Paragraph 3 of the Complaint.

4.    Mr. Bevacqua and RDI deny the allegations in Paragraph 4 of the Complaint.

5.    Mr. Bevacqua and RDI admit that Mr. Bevacqua received $260,000 in total compensation in RDI's fiscal year 2004-05 (of which $110,000 is challengeable under the settlement agreement), and $197,258 of total compensation in RDI's fiscal year 2005-06 (of which $47,258 is challengeable under the settlement agreement).  Mr. Bevacqua and RDI deny the remaining allegations in Paragraph 5 of the Complaint.

6.    Mr. Bevacqua and RDI answer that the allegations in Paragraph 6 of the Complaint assert legal conclusions and requests for relief to which no response is required. Alternatively, if and to the extent a response is required, Mr. Bevacqua and RDI deny the allegations of Paragraph 6 of the Complaint.

7.    Mr. Bevacqua and RDI admit the allegations in Paragraph 7 of the Complaint.

8.    Mr. Bevacqua and RDI admit the allegations in Paragraph 8 of the Complaint.

9.    Mr. Bevacqua and RDI admit that this case should be assigned to and tried before Magistrate Judge Andrew J. Peck by consent under the settlement agreement entered into by the parties on January 5, 2007.  Mr. Bevacqua and RDI deny the remaining allegations in Paragraph 9 of the Complaint.

10.    Mr. Bevacqua and RDI lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10 of the Complaint to the extent it particularly identifies Plaintiff's residence.  Mr. Bevacqua and RDI deny the remainder of the allegations in Paragraph 10 of the Complaint.

11.    Mr. Bevacqua and RDI admit the allegations in Paragraph 11 of the Complaint.

12.    Mr. Bevacqua and RDI admit the allegations in Paragraph 12 of the Complaint.

13.     Mr. Bevacqua and RDI admit that RDI is a New York corporation with its principle place of business located at 1118 First Avenue, New York, NY 10021.  Mr. Bevacqua and RDI deny the remainder of the allegations in Paragraph 13 of the Complaint.

14.     Mr. Bevacqua and RDI deny the allegations in Paragraph 14 of the Complaint.

15.     Mr. Bevacqua and RDI admit the allegations in Paragraph 15 of the Complaint.

16.     Mr. Bevacqua and RDI admit the allegations in Paragraph 16 of the Complaint.

17.     Mr. Bevacqua and RDI deny the allegations in Paragraph 17 of the Complaint.

18.     Mr. Bevacqua and RDI deny the allegations in Paragraph 18 of the Complaint.

19.     Mr. Bevacqua and RDI deny the allegations in Paragraph 19 of the Complaint.

20.     Mr. Bevacqua and RDI admit that Plaintiff, through her agent, reviewed the books and records of RDI for the period June 1, 2003 through December 31, 2006, consisting of over 15,000 pages, that such review took place from May through July of 2007, and that Plaintiff refused to enter into a standard confidentiality agreement.  Mr. Bevacqua and RDI further assert and allege that the parties expressly agreed upon a protocol to permit the review to go forward. Mr. Bevacqua and RDI deny the remainder of the allegations in Paragraph 20 of the Complaint.

21.     Mr. Bevacqua and RDI deny the allegations in Paragraph 21 of the Complaint.

22.     Mr. Bevacqua and RDI deny the allegations in Paragraph 22 of the Complaint.

23.     Mr. Bevacqua and RDI deny the allegations in Paragraph 23 of the Complaint.

24.     Mr. Bevacqua and RDI deny the allegations in Paragraph 24 of the Complaint.

25.     Mr. Bevacqua and RDI deny the allegations in Paragraph 25 of the Complaint.

26.     Mr. Bevacqua and RDI deny the allegations in Paragraph 26 of the Complaint.

27.     Mr. Bevacqua and RDI deny the allegations in Paragraph 27 of the Complaint. Mr. Bevacqua and RDI further assert and allege that Mr. Bevacqua repaid $40,000 of the outstanding principle of the loans on or about August 9, 2006.

28.     Mr. Bevacqua and RDI admit that there is no written loan agreement between RDI and Mr. Bevacqua, that Defendants acknowledged in writing the existence of the loans from RDI to Mr. Bevacqua, and that Defendants further advised Plaintiff in writing that such loans were agreed to prior to 2003, that the funds associated with the loans were provided to Mr. Bevacqua in increments over a period of several years, and that the terms of the loans (i) require Mr. Bevacqua to pay interest on the outstanding amount at the short-term federal rate prevailing in May of each year, and (ii) do not require Mr. Bevacqua to make fixed payments of principal. Mr. Bevacqua and RDI further assert and allege that Defendants advised Plaintiff in writing that any claims Plaintiff may have had with respect to these pre-2003 loans were released under the settlement agreement, and Defendants referred Plaintiff to one of the passages from the settlement agreement that plainly confirms such release. Mr. Bevacqua and RDI deny the remaining allegations in Paragraph 28 of the Complaint.

29.     Mr. Bevacqua and RDI admit that Plaintiff requested information with respect to the outstanding loans multiple times after being advised that the loans were released under the settlement agreement. Mr. Bevacqua and RDI deny the remaining allegations in Paragraph 29 of the Complaint.

30.     Mr. Bevacqua and RDI admit that Plaintiff requested repetitive information that had already been provided regarding the terms of the loans, and additional information with respect to Mr. Bevacqua's intentions regarding repayment of the outstanding loans and whether

Mr. Bevacqua had repaid any principle on the loans. Mr. Bevacqua and RDI deny the remaining allegations in Paragraph 30 of the Complaint.

31.     Mr. Bevacqua and RDI admit that, in response to Plaintiff's continuing inquiries concerning the loans, and after having already advised Plaintiff that any alleged claims she may have had with respect to the pre-2003 loans at issue had been released by Plaintiff under the settlement agreement, Defendants further advised Plaintiff that she had already been voluntarily provided the terms of the loan agreement and had already had been provided access to all of the books and records to which she was entitled under the settlement agreement, and Defendants declined to provide any further information in this regard. Mr. Bevacqua and RDI deny the remaining allegations in Paragraph 31 of the Complaint.

32.     Mr. Bevacqua and RDI admit that, on June 4, 2007, Plaintiff purported to demand that RDI and Mr. Bevacqua enter into an arms length written agreement on terms different from the terms of the existing loans. Mr. Bevacqua and RDI further assert and allege that (i) Plaintiff has no authority to make any such demands, (ii) that Plaintiff's purported demand was therefore completely without force, (iii) that Defendants advised Plaintiff that she had no authority to make such demands, and (iv) that Plaintiff was advised that Defendants would consider a request to memorialize the loan agreement that was in place should Plaintiff believe such an additional writing would be advantageous. Mr. Bevacqua and RDI deny the remaining allegations in Paragraph 32 of the Complaint.

33.     Mr. Bevacqua and RDI deny the allegations in Paragraph 33 of the Complaint.

34.     Mr. Bevacqua and RDI admit that Mr. Bevacqua's compensation in fiscal year 2004-05 included $40,000 in salary. Mr. Bevacqua and RDI deny the remaining allegations in Paragraph 34 of the Complaint.

35.    Mr. Bevacqua and RDI admit that Mr. Bevacqua's compensation in fiscal year 2004-05 included $220,000 in distributions.  Mr. Bevacqua and RDI deny the remaining allegations in Paragraph 35 of the Complaint.

36.    Mr. Bevacqua and RDI deny the allegations in Paragraph 36 of the Complaint.

37.    Mr. Bevacqua and RDI deny the allegations in Paragraph 37 of the Complaint.

38.    Mr. Bevacqua and RDI deny the allegations in Paragraph 38 of the Complaint.

39.    Mr. Bevacqua and RDI admit that Mr. Bevacqua's compensation in fiscal year 2005-06 included $187,258 in salary and $10,000 in distributions.  Mr. Bevacqua and RDI deny the remaining allegations in Paragraph 39 of the Complaint.

40.    Mr. Bevacqua and RDI deny the allegations in Paragraph 40 of the Complaint.

### AS TO THE FIRST CAUSE OF ACTION
### (Breach of Fiduciary Duty – Corporate Waste)

41.    Mr. Bevacqua and RDI repeat their responses to the allegations of Paragraphs 1-40 of the Complaint as if fully set forth herein.

42.    Mr. Bevacqua and RDI admit the allegations in Paragraph 42 of the Complaint.

43.    Mr. Bevacqua and RDI deny the allegations in Paragraph 43 of the Complaint.

44.    Mr. Bevacqua and RDI deny the allegations in Paragraph 44 of the Complaint.

45.    Mr. Bevacqua and RDI deny the allegations in Paragraph 45 of the Complaint.

46.    Mr. Bevacqua and RDI admit that Mr. Bevacqua received $260,000 in total compensation in RDI's fiscal year 2004-05 (of which $110,000 is challengeable under the settlement agreement), and $197,258 of total compensation in RDI's fiscal year 2005-06 (of

which $47,258 is challengeable under the settlement agreement).  Mr. Bevacqua and RDI deny
the remaining allegations in Paragraph 46 of the Complaint.

47.    Mr. Bevacqua and RDI deny the allegations in Paragraph 47 of the Complaint.

48.    Mr. Bevacqua and RDI deny the allegations in Paragraph 48 of the Complaint.

49.    Mr. Bevacqua and RDI deny the allegations in Paragraph 49 of the Complaint.

## AS TO THE SECOND CAUSE OF ACTION
### (Breach of Contract)

50.    Mr. Bevacqua and RDI repeat their responses to the allegations of Paragraphs
1-49 of the Complaint as if fully set forth herein.

51.    Mr. Bevacqua and RDI admit that, prior to 2003, RDI made a series of loans to
Mr. Bevacqua.  Mr. Bevacqua and RDI deny the remaining allegations in Paragraph 51 of the
Complaint.

52.    Mr. Bevacqua and RDI admit that the loans from RDI to Mr. Bevacqua do not
require fixed payments of principle.  Mr. Bevacqua and RDI answer that the remainder of the
allegations in Paragraph 52 of the Complaint assert legal conclusions to which no response is
required.  Alternatively, if and to the extent a response is required, Mr. Bevacqua and RDI deny
the remaining allegations of Paragraph 52 of the Complaint.

53.    Mr. Bevacqua and RDI admit that, on June 4, 2007, without any authority,
Plaintiff purported to demand that RDI and Mr. Bevacqua enter into an agreement on terms
different from the terms of the existing loans.  Mr. Bevacqua and RDI further assert and allege
that Defendants advised Plaintiff that they would consider a request to memorialize the loan
agreement that was in place should Plaintiff believe such an additional writing would be

advantageous. Mr. Bevacqua and RDI deny the remaining allegations in Paragraph 53 of the Complaint.

54.    Mr. Bevacqua and RDI admit that, on June 4, 2007, without any authority, Plaintiff purported to demand that RDI and Mr. Bevacqua enter into an agreement on terms different from the terms of the existing loans. Mr. Bevacqua and RDI deny the remaining allegations in Paragraph 54 of the Complaint.

55.    Mr. Bevacqua and RDI deny the allegations in Paragraph 55 of the Complaint.

## AS TO THE THIRD CAUSE OF ACTION
### (Unjust Enrichment)

56.    Mr. Bevacqua and RDI repeat their responses to the allegations of Paragraphs 1-55 of the Complaint as if fully set forth herein.

57.    Mr. Bevacqua and RDI admit that, prior to 2003, RDI made a series of loans to Mr. Bevacqua. Mr. Bevacqua and RDI deny the remaining allegations in Paragraph 57 of the Complaint.

58.    Mr. Bevacqua and RDI answer that the allegations in Paragraph 58 of the Complaint assert legal conclusions to which no response is required. Alternatively, if and to the extent a response is required, Mr. Bevacqua and RDI deny the allegations of Paragraph 58 of the Complaint.

59.    Mr. Bevacqua and RDI admit that Mr. Bevacqua received $260,000 in total compensation in RDI's fiscal year 2004-05 (of which $110,000 is challengeable under the settlement agreement), and $197,258 of total compensation in RDI's fiscal year 2005-06 (of which $47,458 is challengeable under the settlement agreement). Mr. Bevacqua and RDI deny the remaining allegations in Paragraph 59 of the Complaint.

60.     Mr. Bevacqua and RDI deny the allegations in Paragraph 60 of the Complaint.

61.     Mr. Bevacqua and RDI deny the allegations in Paragraph 61 of the Complaint.

62.     Mr. Bevacqua and RDI deny the allegations in Paragraph 62 of the Complaint.

## AS TO THE FOURTH CAUSE OF ACTION
### (Declaratory Judgment)

63.     Mr. Bevacqua and RDI repeat their responses to the allegations of Paragraphs 1-62 of the Complaint as if fully set forth herein.

64.     Mr. Bevacqua and RDI admit that, prior to 2003, RDI made a series of loans to Mr. Bevacqua.  Mr. Bevacqua and RDI deny the remaining allegations in Paragraph 64 of the Complaint.

65.     Mr. Bevacqua and RDI deny the allegations in Paragraph 65 of the Complaint.

66.     Mr. Bevacqua and RDI deny the allegations in Paragraph 66 of the Complaint.

67.     Mr. Bevacqua and RDI answer that the allegations in Paragraph 67 of the Complaint assert legal conclusions and requests for relief to which no response is required. Alternatively, if and to the extent a response is required, Mr. Bevacqua and RDI deny the allegations of Paragraph 67 of the Complaint.

## AS TO THE FIFTH CAUSE OF ACTION
### (Violation of BCL § 501)

68.     Mr. Bevacqua and RDI repeat their responses to the allegations of Paragraphs 1-67 of the Complaint as if fully set forth herein.

69.     Mr. Bevacqua and RDI deny the allegations in Paragraph 69 of the Complaint.

70.     Mr. Bevacqua and RDI deny the allegations in Paragraph 70 of the Complaint.

71.     Mr. Bevacqua and RDI deny the allegations in Paragraph 71 of the Complaint.

72.     Mr. Bevacqua and RDI deny the allegations in Paragraph 72 of the Complaint.

## AFFIRMATIVE DEFENSES

73.     Further answering the Complaint, Mr. Bevacqua and RDI plead the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

74.     Plaintiff's claims are barred in whole or in part as released under the settlement agreement entered into by the parties on or about January 5, 2007.

### SECOND AFFIRMATIVE DEFENSE

75.     Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE

76.     Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

77.     Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation.

**WHEREFORE**, Mr. Bevacqua and RDI respectfully request judgment as follows:

1.     For Defendants and against Plaintiff, dismissing the Complaint in its entirety;

2.     For Defendants and against Plaintiff, denying Plaintiff's requests for declaratory and equitable relief, damages, costs, and attorney's fees;

3.    For Defendants and against Plaintiff, awarding Defendants their

reasonable costs and expenses in defending this action, including reasonable attorney's fees;

4.    For Defendants and against Plaintiff, granting such other and further relief

as the Court deems just and proper.


Dated:  New York, New York
        September 26, 2007

                                        SCHIFF HARDIN LLP

                                        _____

                                        by  John E. Becker (JB 1093)
                                            900 Third Avenue, 23rd Floor
                                            New York, NY  10022
                                            (212) 753-0823  Telephone
                                            (212) 753-5044  Facsimile

                                            Jonathan Friedland (JF 3828)
                                            SCHIFF HARDIN LLP
                                            6600 Sears Tower
                                            Chicago, IL 60606
                                            (312) 258-5500  Telephone
                                            (312) 258-5600  Facsimile

                                        *Attorneys for Defendants,*
                                        *Anthony Bevacqua and Rodney Dangerfield, Inc.*

NY\ 50211487.1

- 11 -