USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/2/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOAN CHILD DANGERFIELD,                  :      07 Civ. 7810 (AJP)
                                         :
                           Plaintiff,    :
            -against-                    :      STIPULATED
                                         :      PROTECTIVE
ANTHONY BEVACQUA and                     :      ORDER
RODNEY DANGERFIELD, INC.,                :
                                         :
                           Defendants.   :
------------------------------------------------------------x

      Plaintiff Joan Child Dangerfield and Defendants Anthony Bevacqua and Rodney Dangerfield, Inc., through their respective counsel of record, hereby stipulate to the following Protective Order pursuant to Fed. R. Civ. P. 26(c), to govern the production of documents and things, the filing of documents with the Court, and the disclosure of testimony in this action:

      1.    This Protective Order shall govern any documents, as that term is defined in SDNY Local Rule 26.3, written or recorded matter, interrogatory answers, requests to admit and responses thereto, physical items, depositions, and other discovery material produced by any party or non-party during this action, testimony at any trial or hearing in this action, and any documents or other materials filed with the Court in this action.

      2.    Nothing contained in this Protective Order, nor the production in this action of any information or document, shall be construed as a modification or waiver of any of the provisions of the settlement agreement between the parties that was recorded before this Court on January 5, 2007 in the matter captioned *Joan Child Dangerfield v. Anthony Bevacqua, et al.*, 06 Civ. 6415 (NRB).

3. In connection with this action, Plaintiff or Defendants may designate any document, thing, material, testimony, or other information derived therefrom, as "Confidential" if such material is or contains non-public trade secrets or other proprietary or sensitive business or personal information, financial data, marketing and advertising data and plans, strategic or long-range plans, internal cost data, performance data, customer data, or contracts with third parties.

4. Material produced by non-parties may, at the option of that non-party or at the option of Plaintiff or Defendants, be deemed "Confidential" under the terms of this Protective Order.

5. Confidential documents shall be so designated by marking copies of the document produced with the legend "CONFIDENTIAL." The legend "CONFIDENTIAL" shall be placed on each page of any multi-page document so designated. Any such legend which is inadvertently omitted during document production or inspection may be corrected by prompt written notification to counsel of record when such omission is identified.

6. Testimony taken at a deposition may be designated as "Confidential" by making a statement to that effect on the record at the deposition. Arrangements shall be made by the party seeking "Confidential" treatment with the court reporter taking and transcribing, and/or with the videographer recording such deposition, to separately bind such portions of the transcript or tape containing information designated as "Confidential" and to label such portions appropriately. Testimony taken at a deposition may also be designated as "Confidential" by advising opposing counsel in writing of any portions of such deposition containing "Confidential" information within thirty (30) days

after receipt of the transcript. If designation occurs after receipt of the transcript, then each party, with respect to each copy of the transcript in its possession, custody or control: (i) shall attach a copy of such written designation to the face of the transcript; and (ii) shall mark each page on which "Confidential" information appears with the legend "CONFIDENTIAL." Any exhibit which is designated as "Confidential" shall be marked in accordance with Paragraph 6 herein.

7. Material designated as "Confidential" under this Protective Order, the information contained therein, and any copies, summaries, abstracts, or other documents derived in whole or in part from material designated as "Confidential" ("Confidential Material") shall be used solely for the purpose of the prosecution, defense or settlement of this action, and for no other purpose. Within sixty (60) days following the termination of this action (whether by judgment, settlement or otherwise), and as to which all applicable appeal periods have expired, all materials produced by a party that contain Confidential Material, including all copies, summaries and extracts of such materials, shall be either (i) destroyed or (ii) returned to counsel for the designating party, at the option of the designating party. Upon completion of compliance with the provisions of this paragraph, counsel for each party that received "Confidential" information shall certify that the provisions of this paragraph have been satisfied by sending opposing counsel a letter confirming compliance.

8. Material designated "Confidential" and produced pursuant to this Protective Order may be disclosed or made available only to (i) the Court and its staff, including court reporters employed in this action, (ii) counsel for a party, including the

paralegal, clerical, and secretarial staff employed by such counsel, and (iii) the "Qualified Persons" designated below:

    (a)    a party, or an officer, director, or employee of a party reasonably necessary to aid counsel in the prosecution, defense, or settlement of this action;

    (b)    outside experts or consultants (together with their assistants and clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

    (c)    firms engaged by the parties for purposes of photocopying, electronic imaging or computer litigation support in connection with this action;

    (d)    persons identified on the face of the document in question as an author, addressee or recipient; and

    (e)    witnesses and their counsel.

9. Before receiving any Confidential Material, each Qualified Person other than those described in clause (d) of Paragraph 9 shall be provided with a copy of this Protective Order and shall execute an Acknowledgment of Entry of Protective Order and Nondisclosure Agreement in the form of Attachment "A" ("Acknowledgment"). Each Qualified Person described in clause (e) of Paragraph 9 who testifies at a deposition or other proceeding in this action may, in lieu of executing an Acknowledgment, agree on the record to abide by the terms of this Protective Order and Nondisclosure Agreement before receiving any Confidential Material. Counsel for the party seeking to disclose Confidential Material to any party or Qualified Person pursuant to this Paragraph 10 shall be responsible for retaining the originals of all executed Acknowledgments.

10. Confidential Material shall not be revealed to any person not designated in Paragraph 9, unless the party producing the Confidential Material assents in writing to the disclosure, or unless the Court otherwise directs. If another court, arbitration tribunal or administrative or government agency requests, demands, subpoenas, or orders production of Confidential Material that a party has obtained under the terms of this Protective Order, such party shall promptly (not more than forty-eight (48) hours after receipt of such request, demand, subpoena, or order) notify the party which designated the material as "Confidential" of the receipt of such request, demand, subpoena, or order, and the relevant party may oppose such request, demand, subpoena, or order, if it so elects.

11. If a deponent is to testify about subject matter that is deemed "Confidential" pursuant to this Protective Order, and any party makes a timely objection, only counsel and Qualified Persons may be present at this deposition. This shall not be construed as a waiver by any party to object to any person appearing at a deposition of a witness.

12. Nothing herein shall impose any restrictions on the use or disclosure by a party of its own Confidential Material as it deems appropriate.

13. If a party wishes to make a submission to the Court that includes Confidential Material, the submission shall be filed in a sealed envelope bearing the case caption and the legend "FILED UNDER SEAL: CONTAINS CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER." *A REDACTED COPY W/O THE CONFIDENTIAL MATERIAL SHALL BE PUBLICLY FILED.* [handwritten annotation, initialed "AP"]

14. Any Confidential Material that is used in any aspect of this action shall not lose its "Confidential" status through such use. Pending such further order as this Court

may enter regarding confidentiality of Confidential Material used at a hearing or trial in this action, such Material shall be treated as required by this Protective Order.

15. The parties may seek modification of this Protective Order at any time. A party seeking modification must first proceed by requesting the other parties' consent, and may thereafter proceed, if necessary, by application to the Court.

16. A party or other person objecting to the designation of material as "Confidential" shall provide written notice of the objection to the designating party, specifying the materials that are the subject of the objection. The parties and any other objecting person(s) shall confer in good faith in an effort to resolve the objection. If such conference does not resolve the objection within three (3) business days thereafter (the "Meet and Confer Period"), the parties shall promptly apply to the Court for a ruling by submitting a joint letter in which each party shall set forth its position. The joint letter shall be submitted to the Court no less than three (3) business days after the objecting party first sends its version of the letter to the non-objecting party. Pending determination by the Court, material designated by a party as "Confidential" shall be treated as Confidential Material pursuant to this Protective Order.

17. This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without unnecessarily involving the Court in the process. Nothing contained in this Protective Order, nor the production in this action of any information or document, nor any proceeding pursuant to this Protective Order, shall be deemed to have the effect, in this action or any other proceeding, of an admission or waiver by any party, or of altering the

confidential nature of any document or information, or altering any existing obligation of any party or the absence thereof.

18. The parties agree that the filing and entry of this Protective Order shall not constitute a waiver of any rights under any applicable law or court rules.

19. This Protective Order shall survive the termination of this action and continue in full force and effect.

Dated: October 31, 2007

                                           HERRICK FEINSTEIN LLP

                                           _____
                                           Mara B. Levin
                                           David Feuerstein
                                           2 Park Avenue
                                           New York, NY 10016
                                           (212) 592-1400 Telephone

*Attorneys for Plaintiff*
*Joan Child Dangerfield*

SCHIFF HARDIN LLP

_____
John E. Becker
900 Third Avenue, 23rd Floor
New York, NY 10022
(212) 753-0823 Telephone
(212) 753-5044 Facsimile

Jonathan Friedland
6600 Sears Tower
Chicago, IL 60606
(312) 258-5500 Telephone
(312) 258-5600 Facsimile

*Attorneys for Defendants,*
*Anthony Bevacqua and Rodney Dangerfield, Inc.*

20. Sealed records which have been filed with the Clerk shall be removed by the party submitting them (1) within ninety (90) days after a final decision is rendered if no appeal is taken, or (2) if an appeal is taken, within thirty (30) days after final disposition of the appeal. Parties failing to comply with this order shall be notified by the Clerk that, should they fail to remove the sealed records within thirty (30) days, the Clerk may dispose of them.

SO ORDERED:

_____
Hon. Andrew J. Peck
United States Magistrate Judge

APPROVED AND SO ORDERED:


The Honorable Andrew J. Peck

8

ATTACHMENT "A"

ACKNOWLEDGMENT OF ENTRY OF
PROTECTIVE ORDER AND NONDISCLOSURE AGREEMENT

I, _____, declare as follows:

1. I have received a copy of the Stipulated Protective Order Governing Confidentiality (the "Protective Order"), and have read and understand the Protective Order.

2. I hereby agree to comply with and be bound by all of the terms and conditions of the Protective Order, unless and until modified by further Order of the Court.

3. I understand that I am permitted to see Confidential Material under the Protective Order. I further understand that any unauthorized disclosure or improper use of Confidential Material may constitute contempt of Court.

4. I hereby consent to the exercise by the Court of personal jurisdiction over me for purposes of enforcing this Protective Order.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed this _____ day of _____, _____, at _____, _____
                                                                        City       State

_____
Signature

_____
Print or Type Name

NY\ 50217076.2

# FAX TRANSMITTAL SHEET



## ANDREW J. PECK
## UNITED STATES MAGISTRATE JUDGE
## UNITED STATES DISTRICT COURT
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.:        (212) 805-7933
Telephone No.:  (212) 805-0036

**Dated:** November 2, 2007             **Total Number of Pages:** 10

| TO | FAX NUMBER |
|---|---|
| David Feuerstein, Esq. | 212-545-3477 |
| Mara Beth Levin, Esq. | 212-545-3358 |
| John E. Becker, Esq. | 212-753-5044 |

# TRANSCRIPTION:

[Sentence added to ¶ 13, p. 5]:    A redacted copy without the confidential material shall be publicly filed.